﻿Citation Nr: 19159008
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 07-04 793
DATE: July 30, 2019

REMANDED

Entitlement to a total disability rating based on individual unemployability (TDIU) is remanded.

REASONS FOR REMAND

In November 2018, the Board remanded the Veteran’s TDIU claim to the AOJ for further action consistent with the Board’s remand directives. The claim is back before the Board for further appellate proceedings. The Board finds there has been substantial compliance with its remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

The Veteran does not meet the schedular criteria for TDIU under 38 C.F.R. § 4.16(a). Governing regulations provide that all Veterans who do not meet the schedular criteria for TDIU but are otherwise unable to secure and follow substantially gainful occupation by reason of service-connected disabilities shall be referred to the Director of the Compensation Service for consideration of an extra-schedular rating of unemployability. 38 C.F.R. § 4.16(b). 

In the June 2019 Supplemental Statement of the Case, the AOJ did not find the Veteran warranted extraschedular consideration for TDIU. However, the February 2016 VA examiner stated that due to the Veteran’s service-connected lumbar condition, the Veteran was unable to return to his previous line of work as a garbage truck driver due to the need for heavy lifting, prolonged sitting, and climbing. The October 2013 VA clinician also opined the Veteran’s lumbar condition precludes him from heavy physical labor. These opinions are significant when paired with the Veteran’s employment and education history. The Veteran’s highest education is high school. See April 1996 SSA Records. Apart from the military, the Veteran has only worked in physically demanding jobs that would require heavy lifting, prolonged sitting, or climbing. The Veteran worked as a stocker, in industrial and construction roles, in various commercial driving positions, and also built wood furniture. See October 2009 and January 2010 VA Forms 21-4192. Therefore, the record suggests it would be difficult for the Veteran to find gainful employment in a different non-physical field without the requisite experience, education, or training. Thus, the Veteran’s TDIU claim should be referred for extraschedular consideration. 

The Board is prohibited from awarding extraschedular TDIU in the first instance. Wages v. McDonald, 27 Vet. App. 233, 235-39 (2015). Accordingly, remand is required to refer consideration of extraschedular TDIU to the Director of the Compensation Service.

(Continued on the next page)

The matter is REMANDED for the following action:

Refer the Veteran’s claim for TDIU to the Director of the Compensation Service for extra-schedular consideration of entitlement to TDIU.

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Zheng, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.